UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LARRY WHEELER** | **CIVIL ACTION NO. 07-1868-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN TIM WILKINSON** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Larry Wheeler ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on November 5, 2007. Petitioner is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court convictions and sentences. He names Warden Tim Wilkinson as respondent.

On October 11, 2004, Petitioner was convicted of two counts of armed robbery in Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced as to each count to 20 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The trial court judge ordered the sentences to run concurrently.

In support of this petition, Petitioner alleges his guilty pleas were involuntary.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted and sentenced on October 11, 2004. Petitioner did not seek direct review of his convictions and sentences. Thus, Petitioner's convictions and sentences became final on November 10, 2004. See La. C.Cr.P. art. 914.

The federal petition currently before the court was received and filed in this court on November 5, 2007 and signed by Petitioner on October 23, 2007. Since the federal clock began ticking on November 11, 2004 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before November 11, 2005. This petition was not filed until October 2007 at the earliest, more than two years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner filed a motion for extension of time to file an application for post-conviction relief in the Louisiana First Judicial District Court in September 2006. Subsequently, the trial court denied this motion. Petitioner then filed an application for post-conviction relief in the Louisiana First Judicial District Court in October 2006. These proceedings continued until the Louisiana Second Circuit Court of Appeal denied writs on

August 30, 2007. See State v. Wheeler, NO: 42,210-KH and NO: 42,887-KH. To toll the federal limitation period, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file his state post-conviction application until October 2006, which was after the limitation period had already expired in November 2005.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed

factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 27 day of May 2008.

_____           _____
                                                                       MARK L. HORNSBY
                                                                  UNITED STATES MAGISTRATE JUDGE